J. S70001/18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| IN THE INTEREST OF:  B.D., A MINOR : | IN THE SUPERIOR COURT OF |
| : | PENNSYLVANIA |
| APPEAL OF:  M.K., MOTHER : | |
| : | No. 4063 EDA 2017 |

Appeal from the Order, November 28, 2017,
in the Court of Common Pleas of Philadelphia County
Family Court Division at Nos. 51-FN-002529-2017,
CP-51-DP-0002811-2017

| | |
|---|---|
| IN THE INTEREST OF:  D.D., A MINOR : | IN THE SUPERIOR COURT OF |
| : | PENNSYLVANIA |
| APPEAL OF:  M.K., MOTHER : | |
| : | No. 4064 EDA 2017 |

Appeal from the Order, November 28, 2017,
in the Court of Common Pleas of Philadelphia County
Family Court Division at Nos. 51-FN-002529-2017,
CP-51-DP-0002812-2017

| | |
|---|---|
| IN THE INTEREST OF:  A.S., A MINOR : | IN THE SUPERIOR COURT OF |
| : | PENNSYLVANIA |
| APPEAL OF:  M.K., MOTHER : | |
| : | No. 4065 EDA 2017 |

Appeal from the Order, November 28, 2017,
in the Court of Common Pleas of Philadelphia County
Family Court Division at Nos. 51-FN-002529-2017,
CP-51-DP-0002813-2017

BEFORE:  GANTMAN, P.J., McLAUGHLIN, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:        **FILED DECEMBER 05, 2018**

M.K. ("Mother") appeals from the November 28, 2017 orders entered in the Court of Common Pleas of Philadelphia County adjudicating B.D., female child born in June 2002; D.D., female child born in July 2003; and A.S, female child born in October 2005 (collectively, "Children"), dependent as defined in Section 6302 of the Juvenile Act, 42 Pa.C.S.A. §§ 6301-6375. Pursuant to Pa.R.A.P. 513, we have consolidated these appeals *sua sponte*. After careful review, we affirm.

The trial court set forth the following:

> On September 18, 2017, Department of Human Services ("DHS") learned that B.D.'s sibling had run away from the home of her Mother.
>
> On September 18, 2017, DHS visited the home of Mother and met with Mother, [C.A., Mother's paramour ("Paramour")], and [the Children]. The Paramour was not the father of [the Children.] The Paramour appeared aggressive in his behavior. Mother stated she allowed her Paramour to discipline her [Children] because she was unable to control [the Children's] behavior. Paramour stated [the Children] were his children and he was able to discipline [the Children] in a manner he saw fit. Paramour answered DHS' questions which were directed to Mother.
>
> On September 18, 2017, DHS visited the home of Maternal Uncle and met with Maternal Uncle and D.D. DHS reported D.D. stated that she ran away from Mother's home after Paramour chased her down the street and grabbed her by her bookbag. D.D. stated Paramour used inappropriate language and verbal discipline with her and siblings, B.D. and A.S.; that Mother allowed Paramour to establish all household rules; that Mother and Paramour used marijuana in their bedroom.

On September 19, 2017, DHS interviewed A.S. at [school]. A.S. stated that she did not feel comfortable in her home with Paramour present and that she did not want to reside with Mother.

On September 19, 2017, DHS implemented a Safety Plan for [the Children] stating that B.D. and her sibling would reside at the home of Paternal Grandmother. Paternal Grandmother stated she would ensure [the Children's] safety and that their needs were met.

On September 24, 2017, B.D. and Mother entered DHS and stated that Paternal Grandmother had forced B.D. to attend a church service that morning; B.D. left the church and went to the home of her Maternal uncle, [M.K.] Paternal Grandmother arrived at the home of Maternal Uncle with Philadelphia Police and B.D. was returned to Paternal Grandmother's home. B.D. stated that she was being verbally abused by Paternal Grandmother. B.D. further stated Paternal Grandmother was forcing her to make false statement [sic] about Mother and she did not feel safe in Paternal Grandmother's home.

On September 25, 2017, B.D. began residing with her Maternal Uncle with a Safety Plan.

On October 2, 2017, DHS learned that Maternal Uncle was not an appropriate caregiver for B.D. B.D. began residing in the home of Paternal Uncle of A.S.

[B.D.] had a history of running away from home.

Mother had a diagnosed [sic] of depression, anxiety and borderline personality disorder.

Mother had a history of heroin use.

B.D. and D.D.'s father was not involved in their care. A.S.'s Father is deceased.

Trial court opinion, 5/10/18 at 1-2.

The record reflects that on October 20, 2017, DHS filed dependency petitions for each of the Children based on lack of proper care or control. The record further reflects that Mother retained Debra Moshinki, Esq., as private counsel. The trial court scheduled the adjudicatory hearing for October 31, 2017.

The record further reflects that, except for D.D., the parties, counsel, and other interested persons, including A.S.'s paternal grandparents and paternal aunt and uncle, were present for the scheduled hearing on October 31, 2017. (Notes of testimony, 10/31/17 at 5-7.) At the beginning of the hearing, B.D. and A.S. complied with the trial court's request to step outside of the courtroom. (*Id.* at 7-8) The trial court then stated that it had been made aware of allegations that certain adult individuals had been "coaching" the Children as to their testimony at the adjudication hearing. (*Id.* at 8-10.) The trial court further stated that it had read the dependency petitions and was concerned about what the Children had "already been exposed to." (*Id.* at 9.) The trial court then entered a protective order against Paramour directing him to refrain from directly and indirectly contacting the Children and to refrain from intimidating the Children for a period of one year. (*Id.* at 11; *see also* dependency court protective order, 10/31/17.) In so doing, the following colloquy took place:

> [THE COURT:] Now let me just say this while we're
> on the record about [Paramour], I'm going to issue a

stay-away order, because that was the request of counsel and I don't know the dynamics between [Mother] and [Paramour]. Just something for your consideration. I hope you choose your girls over [Paramour]. And I can tell you, and I know it's just allegations and we're going to have a full hearing, but I'm telling you, you need to choose your girls over a relationship.

[MOTHER]: I already said I was.

THE COURT: Okay. And how you handle this will have ongoing repercussions in terms of how they relate to relationships going forward, okay? Just for your consideration. Just for your consideration. I can't legislate what you do in terms of your relationships and all this stuff, but I submit to you, if we have a full hearing and we get testimony about negative interactions with [Paramour] to the point that a Child Advocate or anybody saying, can you issue a stay-away order now, the [sic] it's of grave concern, okay? All right.

Notes of testimony, 10/31/17 at 11-12.

The trial court then entered a continuance order and deferred the dependency adjudication hearing until November 28, 2017. (**Id.** at 31; **see also** continuance order of court, 10/31/18.)

The dependency adjudication hearing took place on November 28, 2017. The record reflects that Jeffrey C. Bruch, Esq., appeared as "on-call counsel" for Mother. (Notes of testimony, 11/28/17 at 1-2.) At the beginning of the hearing, Attorney Bruch informed the trial court that Attorney Moshinski, Mother's private counsel, had informed Attorney Bruch that she "was going to withdraw from the case." (**Id.** at 2.) At that point,

the trial court stated it would "vacate Miss Moshinski" and appoint Attorney Bruch.[1]  (***Id.***)

The trial court summarized the adjudication hearing testimony as follows:

> [T]he social worker testified Mother did not have appropriate protective capacities in regard to her children.  Mother refused to provide safety for her children by failing to remove her aggressive Paramour from her home.  Mother was diagnosed with mental health issues of depression, borderline personality disorder and anxiety.  The social worker testified Mother had not provided any documentation that she was engaged in drug, alcohol or mental health treatment.  The social worker testified there were concerns of Mother's marijuana use and history of heroin use.
>
> The social worker testified [that the Children] stated they witnessed a significant amount of physical violence between Mother and Paramour. Furthermore, the social worker testified the [C]hildren stated one incident was so grave they became involved. The social worker recommended Mother receive domestic violence counseling.

Trial court opinion, 5/10/18 at 3 (citations to notes of testimony omitted).

We note that the record reflects that Attorney Bruch cross-examined the social worker.  The record further reflects that the trial court asked Attorney Bruch whether he "would like to call a witness" and he declined. (Notes of testimony, 11/28/17 at 48-49.)

---

[1] The trial court entered an order that "vacated" Mother's "private attorney" and appointed Attorney Bruch.  (Appointment of counsel order of court, 11/28/17.)

At the conclusion of the November 28, 2017 hearing, the trial court entered orders adjudicating the Children dependent. On the same day, Mother filed notices of appeal, together with statements of errors complained of on appeal pursuant to Pa.R.A.P. 1925(a)(2)(i).[2] In Mother's Rule 1925(a)(2)(i) statements, Mother raised the following issues:

1. The judge ruled in error that [DHS] meets its burden of prove [sic] in finding of dependency under 42 Pa.C.S. sec. 6302.

2. The judge ruled in error by committing the [C]hildren and not returning the [C]hildren to Mother.

Mother's "concise statement of matters complained of on appeal," 11/28/17 (emphasis omitted). On May 10, 2018, the trial court filed its Rule 1925(a)(2)(ii) opinion.

On May 14, 2018, Attorney Bruch filed with this court an application to withdraw as Mother's counsel. On May 15, 2018, Aaron A. Mixon, Esq., filed with this court a "praecipe for entry of appearance" on Mother's behalf. Also on May 15, 2018, Attorney Mixon filed a "motion to amend 1925(b) statement." On May 22, 2018, this court granted Attorney Mixon's motion to amend and directed that Mother file her supplemental statement with this court, and serve that supplemental statement on the trial court, on or before

---

[2] We note that the record sometimes refers to the Pa.R.A.P. 1925(a)(2)(i) statement as the Rule 1925(b) statement. Because these consolidated appeals are children's fast track appeals, the statement of errors complained of on appeal is a Rule 1925(a)(2)(i) statement. We further note that the trial court's opinion in a fast track appeal is a Rule 1925(a)(2)(ii) opinion.

May 31, 2018. Attorney Mixon failed to timely comply with this court's May 22, 2018 order and filed Mother's supplemental statement with this court on July 3, 2018, which was 33 days late. In that untimely filed statement, Mother attempts to raise the following issue:

> 3. Trial court abused its discretion when it adjudicated the [C]hildren dependent because it violated mothers [sic] constitutional right to fundamental due process. mother [sic] should have been granted a continuance when the court appointed her an attorney at the bar of the court who had no information regarding the circumstances and allegations involved in mother's case. Moher [sic] was not afforded an opportunity to be heard or present evidence in which denied [sic] her an opportunity to present her case in chief.

Mother's "AMENDED/SUPPLEMENTAL 1925B," 7/3/18.

On July 17, 2018, this court granted Attorney Bruch's application to withdraw as Mother's counsel.

> The standard of review in dependency cases requires an appellate court to accept findings of fact and credibility determinations of the trial court if they are supported by the record, but does not require the appellate court to accept the lower court's inferences or conclusions of law. We review for abuse of discretion[.]

*In re L.Z.*, 111 A.3d 1164, 1174 (Pa. 2015) (quotation marks and citation omitted).

Section 6302 of the Juvenile Act defines a "dependent child" as:

- 8 -

[a] child who:

(1)    is without proper parental care or control, subsistence, education as required by law, or other care or control necessary for his physical, mental, or emotional health, or morals. A determination that there is a lack of proper parental care or control may be based upon evidence of conduct by the parent, guardian or other custodian that places the health, safety or welfare of the child at risk[.]

42 Pa.C.S.A. § 6302.

This court clarified the definition of "dependent child," as:

whether a child is lacking proper parental care or control so as to be a dependent child encompasses two discrete questions: whether the child presently is without proper parental care and control, and if so, whether such care and control are immediately available.

*In re G., T.*, 845 A.2d 870, 872 (Pa.Super. 2004) (internal quotation marks and citations omitted). *See also In re J.C.*, 5 A.3d 284, 289 (Pa.Super. 2010). "The burden of proof in a dependency proceeding is on the petitioner to demonstrate by clear and convincing evidence that a child meets that statutory definition of dependency." *In re G., T.*, 845 A.2d at 872 (citation omitted).

This court has explained that:

a court is empowered by 42 Pa.C.S.[A] § 6341(a) and (c) to make a finding that a child is dependent if the child meets the statutory definition by clear and convincing evidence. If the court finds that the child is dependent, then the court may make an

appropriate disposition of the child to protect the child's physical, mental and moral welfare, including allowing the child to remain with the parents subject to supervision, transferring temporary legal custody to a relative or public agency, or transferring custody to the juvenile court of another state. 42 Pa.C.S.[A.] § 6351(a).

*In re D.A.*, 801 A.2d 614, 617 (Pa.Super. 2002) (*en banc*).

Although Mother identifies three issues in her statement of questions presented,[3] a reading of Mother's brief reveals that her complaint is that the

---

[3] Mother sets forth the following issues in her statement of questions presented:

> [1.] Whether the trial court abused its discretion in finding the Law Department met its burden of proof in finding dependency under 42 C.S. § 6302 [sic]?

> [2.] Whether the trial court abused its discretion by committing the [C]hildren and not returning the [C]hildren to Mother?

> [3.] Whether the trial court abused its discretion when it adjudicated the [C]hildren dependent because it violated her right to fundamental due process. [sic] Mother should have been granted a continuance when she was appointed an attorney at the bar of the court who had no information regarding the circumstances and allegations involved in [M]other's case. Mother was not afforded an opportunity to be heard or present evidence, which denied her an opportunity to present her case in chief.[Footnote 1]

>> [Footnote 1] Within counsel was not the attorney during the adjudicatory hearing. Court appointed counsel raised the first

- 10 -

trial court violated her due process rights (1) when it appointed Attorney Bruch to represent her at the adjudicatory hearing because he was not prepared to defend her; and (2) when it denied her an opportunity to be heard and present evidence to rebut DHS's case. (Mother's brief at 6-10.) Because Mother's complaints to this court only concern the third issue that she attempted to raise in her untimely supplemental Rule 1925(a)(2)(i) statement in violation of this court's May 22, 2018 order, Mother has waived all issues related to her due process claim on appeal. *See U.S. Bank., N.A. v. Hua*, 2018 Pa.Super.LEXIS 829 (Pa.Super. July 20, 2018) (reiterating that a failure to comply with a court order directing an appellant to file a concise statement results in waiver of issues on appeal).

Finally, although Mother fails to challenge the trial court's factual findings and legal conclusions with respect to its dependency determinations, we nevertheless note that the trial court:

> found the testimony of the social worker extremely credible and extremely professional in light of

> two issues on appeal. Within counsel filed a supplemental 1925(b) statement raising [M]other's third issue on appeal.

Mother's brief at 5.

We admonish Attorney Mixon for impliedly misrepresenting the record in footnote 1. As discussed above, this court granted Attorney Mixon's motion to file a supplemental Rule 1925(a)(2)(i) statement. Attorney Mixon, however, failed to timely comply. As written, footnote 1 implies that counsel preserved the third issue for appeal. Attorney Mixon is mistaken.

offensive accusations from Mother. The Court was reflective of prior Court Orders, October 31, 2017 where Mother stated she would remove Paramour from her home and failed to do so to date. The Court reasoned Mother lacked the protective capacity to keep [the Children] safe from the actions and behavior of Paramour[.] [T]he Court referenced the history of the report in the case dating back to 2015 reporting aggressive behavior of Paramour. The Court found convincing social worker's testimony of Mother's abdicating her parental responsibility to an aggressive Paramour who engaged in egregious behavior such as yearlong punishments, diagnosis of mood disorders and personality issues, unmedicated impulsivity behaviors and lack of compliance with mental [health] treatment convincing and compelling[.] Furthermore the Court reasoned Mother lacked insight and judgement to place B.D. in a home subjected to violence and drug usage. . . .

The Trial Court found by clear and convincing evidence that it was contrary to the health, safety, and welfare of [the Children] to remain in the custody of Mother and transferred custody to [DHS].

Trial court opinion, 5/10/18 at 3 (citations to notes of testimony omitted).

Our review of the record supports the trial court's conclusion that DHS proved by clear and convincing evidence that the Children are without proper care or control and that Mother's lack of understanding of the situation that resulted in their placement means that such care and control are not immediately available. Therefore, clear and convincing evidence supported the trial court's dependency adjudications.

Orders affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/5/18